**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR VILLANUEVA-PEREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-70664

Agency No. A036-908-040

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, HUNSAKER, Circuit Judges.

Salvador Villanueva-Perez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for cancellation of removal,

adjustment of status, and a § 212(h) inadmissibility waiver. Villanueva-Perez now

_____

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

petitions for review. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

In his opening brief, Villanueva-Perez does not raise, and therefore waives, any challenge to the agency's determinations regarding his claims for cancellation of removal, adjustment of status, or a § 212(h) inadmissibility waiver. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Villanueva-Perez argues that the immigration court lacked jurisdiction over his removal proceedings because his Notice to Appear ("NTA") failed to designate the court where the NTA would be filed, in violation of 8 C.F.R. § 1003.15(b)(6). This argument is foreclosed by *Aguilar Fermin v. Barr*, which held that such a failure does not strip the immigration court of jurisdiction if a subsequent hearing notice provides the missing information. 958 F.3d 887, 894-95 & n.4 (9th Cir. 2020). Here, although the original NTA did not designate the immigration court, this error was cured by subsequent hearing notices.

As stated in the court's August 2, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

19-70664